IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICOLE BURKS-GARCIA,<br><br>Defendant. | Case No. 20-CR-272-JFH |

**OPINION AND ORDER**

Before the Court is Defendant's Unopposed Motion to Terminate Supervised Release ("Motion"). Dkt. No. 69. Defendant is on a five-year term of probation and is not on supervised release. The Court will construe Defendant's Motion as a motion to terminate her five-year term of probation early. The Court finds that early termination of Defendant's probation is not warranted at this time, and Defendant's Motion is therefore denied without prejudice.

On November 5, 2020, Defendant was charged by indictment with one count of aiding and abetting in possession with intent to distribute of 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 18 U.S.C. §2; one count of aiding and abetting in maintaining a drug involved premises in violation of 21 U.S.C. §§856(a)(1), 856(b)(2) and 18 U.S.C. §2; and one count aiding and abetting in interstate travel in aid of racketeering enterprises, in violation of 18 U.S.C. §1952(a)(3) and 18 U.S.C. §2. Dkt. No. 2. Defendant pled guilty, on December 23, 2020, to one count of aiding and abetting in interstate travel in aid of racketeering enterprises, in violation of 18 U.S.C. §1952(a)(3) and 18 U.S.C. §2. Dkt. No. 33.

On September 28, 2021, Defendant was sentenced to a five-year term of probation. Dkt. No. 62. Defendant has been on probation for approximately two years and ten months.

A district court's power to terminate a term of probation early is set forth in 18 U.S.C. §3564(c). A district court may terminate a period of probation – after one year has elapsed – if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that termination is "warranted by the conduct of the defendant released and the interests of justice."

Having considered the factors required by 18 U.S.C. §3553(a), the Court does not find that terminating Defendant's term of probation early is either warranted by Defendant's conduct or in the interests of justice. Defendant has thus far had no issues in serving her term of probation, and Defendant's efforts to better herself are to be commended. However, Defendant was implicated in serious criminality for which she faced no jail time; the five-year term of probation was Defendant's punishment for her offense. Defendant has only done what is expected of her as an individual on probation; her compliance is not a sufficient basis to shorten her term of probation and, in effect, retroactively decrease her sentence in this matter. Considering the nature and circumstances of Defendant's offense, the characteristics of the Defendant, and the other factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of supervised release is not warranted.

For the reasons stated herein, Defendant's Motion is denied.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion to Terminate Supervised Release [Dkt. No. 69] is DENIED.

Dated this 31st day of July 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE